**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-1385**

───────────

GREGORY KREHBIEL,

Plaintiff - Appellant,

v.

BRIGHTKEY, INC.,

Defendant - Appellee.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:21-cv-02927-RDB)

───────────

Submitted:  July 28, 2023                                      Decided: November 17, 2023

───────────

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Michael E. Rosman, Michelle Scott, CENTER FOR INDIVIDUAL RIGHTS, Washington, D.C., for Appellant.  Stephen M. Cornelius, Courtney M. Watkins, ECCLESTON & WOLF, P.C., Hanover, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Krehbiel appeals the district court's order dismissing with prejudice his race discrimination claim raised under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and 42 U.S.C. § 1981. On appeal, Krehbiel argues that (1) he raised a plausible claim that his former employer, BrightKey, Inc. ("BrightKey"), discharged him because of his race; and (2) the court erred in dismissing his claim with prejudice. We affirm.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff is not required to plead a prima facie case of discrimination under Title VII to survive a motion to dismiss.[*] *McCleary-Evans v. Md. Dep't of Transp.*, 780

---

[*] Although Krehbiel raised his race discrimination claim under both Title VII and § 1981, we analyze them together. *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 219 (4th Cir. 2016) (noting that elements of discriminatory discharge based on race under Title VII and § 1981 "are effectively the same").

F.3d 582, 584-85 (4th Cir. 2015).  Instead, a plaintiff must allege sufficient facts "to satisfy the elements of a cause of action created by [the applicable] statute."  *Id.* at 585.  Thus, Krehbiel had to plausibly allege that he was terminated "'because of'" his race to withstand a motion to dismiss.  *Id.* (emphasis omitted) (quoting 42 U.S.C. § 2000e-2(a)(1)).

We have reviewed the record on appeal and the parties' arguments, and we agree with the district court that Krehbiel failed to adequately plead his claim of race-based discrimination.  In his amended complaint, Krehbiel, a white male, alleged that unidentified BrightKey employees pressured BrightKey to terminate him after they listened to podcasts in which Krehbiel criticized government policies related to diversity and hate crimes.  Specifically, he asserted that the employees "objected strenuously to a white person like [Krehbiel] expressing such views."  But Krehbiel's vague and conclusory allegations fail to plausibly allege that the unidentified superiors who fired him shared the unidentified employees' bias.  *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 291 (4th Cir. 2004) (en banc) (noting that employer is "liable not for the improperly motivated person who merely influences the [termination] decision, but for the person who in reality makes the decision"), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

Turning to Krehbiel's remaining claim on appeal, we review for abuse of discretion a district court's decision to dismiss a complaint with prejudice rather than granting leave to amend.  *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).  While courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), a court does not abuse its discretion "by declining to grant a motion [for

3

leave to amend] that was never properly made." *Cozzarelli*, 549 F.3d at 631. Here, after filing an amended complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1), Krehbiel never moved to file a second amended complaint. Accordingly, we conclude that the district court did not abuse its discretion in dismissing Krehbiel's claim with prejudice and without leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*